[L. A. No. 3090. In Bank.—October 19, 1912.]

## In the Matter of the Estate of JAMES N. WOMERSLEY, Deceased.

WILL—DEVISE—REMAINDER TO HEIRS OF TESTATOR'S FAMILY.—Where a testator named Womersley, whose sole heirs at law were his widow and his surviving brothers and sisters, devises all his real estate to his wife for the period of her natural life, and directs that at her death the property shall be equally divided "among the heirs of the Womersley family," the remainder so devised goes to his brothers and sisters who would be his heirs in the event that he died intestate, to the exclusion of the widow of a deceased brother.

ID.—LATENT AMBIGUITY — CONSTRUCTION — UNCERTAINTY.—Such devise in remainder involves no latent ambiguity, and any uncertainty therein arises upon the face of the will, and is to be construed by taking in view the circumstances under which the will was made, excluding the testator's oral declarations. The uncertainty in such devise is not so great as to avoid it.

APPEAL from a decree of the Superior Court of Orange County distributing the estate of a deceased person. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Williams & Rutan, for Appellant Florence Aimee Blake.

E. E. Keech, for Appellant Emily A. Womersley.

Wm. M. Brown, for Respondent executor and other heirs.

HENSHAW, J.—By his last will James N. Womersley, deceased, devised his real property as follows:

"Secondly, I give and bequeath to my wife Emily A. Womersley, all the real estate I die possessed of, wherever located, for her sole and separate use during the period of her natural life, and direct that at her death the said real property be equally divided among the heirs of the Womersley family, share and share alike, my said wife, Emily A. Womersley, to have all the income from said property during her life."

The executor of this will filed his final account and a petition for the distribution of the estate showing the ownership by the estate of the real property devised, and showing further that the heirs at law of the deceased were Emily A. Womersley, his widow, John Womersley, and William Womersley, brothers, and Sussana Ray, Maud Catherine Savory, and Minna Clarke, sisters. The petition sought a decree distributing a life estate in the realty to the widow with a remainder over to the brothers and sisters.

Florence Aimee Blake was the widow of Harry E. Womersley, a brother of James N. Womersley. Her husband died some years before the death of James, testator. She filed objections to the distribution prayed for, and sought to share equally with the brothers and sisters under the construction

which she gave to the second clause of the will above quoted. A demurrer to the objections and petition of Florence Aimee Blake was interposed by Emily A. Womersley, the widow. The demurrer was sustained and the court decreed distribution as prayed for in the executor's petition. The whole controversy revolves about the true construction of the second paragraph, and the question is whom did the testator mean by "the heirs of the Womersley family."

There is here no latent ambiguity to be resolved under section 1340 of the Civil Code. The phrase used by the testator undoubtedly requires construction, but if that phrase contain any uncertainty, it is one which arises upon the face of the will, and is to be construed by taking in view the circumstances under which the will was made, excluding the testator's oral declarations. (Civ. Code, sec. 1318.) Those circumstances disclose that deceased was an Englishman, that he with his brothers and sisters inherited from his father, that the brothers and sisters were those above named, and in the event of his intestacy were (with his widow) his sole heirs at law. There seems to be no difficulty in arriving at the intent of the testator from the words expressed in the will. Plainly the words mean that the remainder was left to those of his, the Womersley, family, who would be his heirs in the event that he died intestate. This use of the word "heirs" is not strained, but is a common colloquial use recognized both by lexicographers and law-writers. (Standard Dict., heirs; Words and Phrases, 452; 1 Underhill Wills, p. 498; 14 Cyc. 28.) Appellant, Florence Aimee Blake did not belong to the class thus designated. She would not have been an heir of James N. Womersley had he died intestate.

The contention advanced upon the appeal of the widow that the uncertainty in the second clause of the will is such and so great as to avoid it is, for the reasons already given, untenable.

The decree appealed from is therefore affirmed.

Melvin, J., Lorigan, J., Shaw, J., and Angellotti, J., concurred.